**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Untied States of America,** | ) | **CASE NO. 4:11 CR 49** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Matthew Johnson,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant Matthew Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 27). Defendant also filed a Motion to Supplement 28 U.S.C. § 2255 Filed On (10-10-2013)(Doc. 31). For the reasons that follow, the motion to supplement is GRANTED. Therefore the Court will consider the arguments contained in the motion to supplement. Those arguments, however, are REJECTED and the motion for relief under 28 U.S.C. § 2255 is DENIED.

**FACTS**

Defendant was charged in a three-count indictment with being a felon in possession of a

1

firearm, possession with intent to distribute crack, and possession with intent to distribute heroin. Defendant plead guilty to the indictment with no plea agreement.  Thereafter, this Court sentenced defendant to 120 months on count one and 151 months on counts two and three, all to run concurrently.  The Court determined that plaintiff qualified for career offender status based on two prior convictions.  First, plaintiff plead guilty to aggravated assault, a fourth degree felony, under Ohio state law.  The presentence investigation report describes the incident as a drive-by shooting in which the victim was shot in the face.  Defendant received two years' probation as a result of his plea.  The second conviction supporting defendant's career offender status is a controlled substance offense.

Defendant appealed his sentence to the Sixth Circuit and the court affirmed the sentence imposed by this Court.  This motion followed.

**ANALYSIS**

Defendant argues that the Court should not have considered his aggravated assault conviction in affording career offender status during sentencing.  Defendant claims that, as noted by the Court during the sentencing proceeding, it is not clear that he used a gun during the commission of that crime.  In response, the government argues that defendant waived his rights to collaterally attack the career offender designation because he did not raise these issues during sentencing or on direct appeal.  Regardless, the government notes, the argument fails on the merits.

Although the Court is inclined to agree with the government on the issue of whether these issues are ripe for collateral review, the Court will nonetheless address the substance in that defendant's arguments wholly lack merit.

2

The PSR describes the aggravated assault conviction as a drive-by shooting in which defendant shot the victim in the face. Defendant, however, received only probation. The Ohio statute at issue mandates prison time if a gun specification is present. Therefore, the Court questioned whether a gun could have been involved given that defendant did not receive a prison term. Regardless of whether a gun is used, however, a conviction under Ohio's aggravated assault statute qualifies as a "crime of violence" for purposes of the career offender guideline. *See, United States v. Rodriguez*, 664 F.3d 1032, 1039 (6th Cir. 2011)("Because Ohio's fourth-degree aggravated assault statute, § 2903.12, requires knowing and intentional conduct, a felony conviction under § 2903.12 qualifies as an enumerated "crime of violence" under Application Note 1 to USSG § 4B1.2 for purposes of applying the career offender guideline."). Accordingly, defendant's argument is rejected.

In his motion to supplement, defendant argues that the Court erred by not applying the "modified categorical approach" in analyzing his conviction for aggravated assault. The "modified categorical approach" may be applied by a sentencing court only if the elements of the statute are divisible. In other words, courts "may use the modified categorical approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *Descamps v. United States*, 133 S.Ct. 2276, 2293 (2013). Here, however, defendant wholly fails to make any cogent argument supporting the conclusion that Ohio's aggravated assault statute is divisible. Accordingly, contrary to defendant's argument, this Court was *prohibited* from applying the "modified categorical approach" at sentencing.

Defendant also argues that the Court improperly considered the aggravated assault conviction because it is more than five years old. As the government points out, however,

3

defendant's sentence on the aggravated assault conviction resulted in probation. Therefore, the "look back" provision contained in U.S.S.G. § 4A1.2(e)(2) controls. That section provides that any sentence imposed within *ten* years of the commencement of the instant offense is counted. Because the offenses at issue in this case were commenced well within ten years of the imposition of the sentence for aggravated assault, the conviction counts as a predicate offense under the career offender guidelines.[1] Defendant's arguments to the contrary are rejected.

## **CERTIFICATE OF APPEALABILITY**

28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> *(B) the final order in a proceeding under section 2255.*
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for

---

[1] The five year "look back" provision contained in U.S.S.G. § 4A1.2(e)(4), (d)(2) applies to offenses committed by a defendant before he attained the age of 18. The provision does not apply in this case in that defendant was over the age of 18 when he committed the aggravated assault.

    that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

    For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right. Accordingly, defendant is not entitled to a certificate of appealability.

### **CONCLUSION**

    For the foregoing reasons, defendant Matthew Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 27) is DENIED.

    IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 2/6/14